# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA WHITE DOVE-RIDGEWAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-35-LPS-MPT |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security[1] | : | |
| | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, on January 9, 2020, Magistrate Judge Thynge issued a Report and Recommendation ("Report") (D.I. 28) recommending that the Court (1) grant Plaintiff Sara White Dove-Ridgeway's ("Dove-Ridgeway") motion for summary judgment (D.I. 16); (2) deny the cross-motion for summary judgment of Defendant Andrew Saul, Commissioner of Social Security ("Commissioner") (D.I. 19); and (3) remand this matter for proceedings before a properly-appointed administrative law judge ("ALJ");

WHEREAS, on January 22, 2020, the Commissioner filed objections to the Report ("Objections") (D.I. 29), specifically objecting that Dove-Ridgeway waived her Appointments Clause challenge because she had failed to raise it during the Social Security administrative process;

---

[1] Andrew Saul replaced Nancy Berryhill as Commissioner of Social Security and is automatically substituted pursuant to Fed. R. Civ. P. 25(d). (*See* D.I. 29 at 1 n.1)

1

WHEREAS, any response to the Commissioner's Objections was to be filed by February 6, 2020;

WHEREAS, Dove-Ridgeway did not file a response by February 6, 2020;

WHEREAS, the Court reviews *de novo* the recommendation of a magistrate judge on a dispositive matter such as a summary judgment motion, *see* 28 U.S.C. § 636(b)(1)(C); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). U.*S. v. Donovan*, 2010 WL 3614647, at *1 (D. Del. Sept. 10, 2010);

NOW, THEREFORE, IT IS HEREBY ORDERED that the Commissioner's Objections (D.I. 29) are OVERRULED, the Report (D.I. 28) is ADOPTED, Dove-Ridgeway's motion for summary judgment (D.I. 16) is GRANTED, the Commissioner's cross-motion for summary judgment (D.I. 19) is DENIED, and this matter is REMANDED for proceedings before a properly-appointed ALJ.

1. The Commissioner argues that Dove-Ridgeway forfeited her Appointments Clause challenge by not raising it during the Social Security administrative process. (*See* D.I. 29 at 4) However, on January 23, 2020, the day after the Commissioner filed his Objections in this case, the Third Circuit rejected the very same argument being made here. In *Cirko v. Commissioner of Social Security*, 948 F.3d 148, 152 (3d Cir. 2020), the Third Circuit held that "exhaustion of Appointments Clause claims is not required in the SSA [Social Security Administration] context" and remanded benefits applicants' cases "for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings." *Id*. at 153, 159-60; *see also id.* at 159 (stating that *Cirko* decision applies "to the hundreds . . . of claimants whose cases are already pending in the district courts").

2. Judge Thynge's Report is fully consistent with *Cirko*.[2] She concluded that Dove-Ridgeway did not forfeit her Appointments Clause challenge by failing to raise it during the Social Security administrative process and recommended that the Court remand Dove-Ridgeway's case "for a new hearing before a different, constitutionally appointed ALJ." (D.I. 28 at 1-2) Thus, reviewing the matter *de novo*, the Court agrees with Judge Thynge and adopts her recommendation.

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[2] Judge Thynge expressly relied, in part, on Chief Judge Conner's reasoning in *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019), a case which was affirmed by the Third Circuit in *Cirko*. (*See, e.g.*, D.I. 28 at 3, 14; *see also Cirko*, 948 F.3d at 152 (describing District Court opinion as "comprehensive and analytically rigorous"))