# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA WHITE DOVE-RIDGEWAY, | : |
| Plaintiff, | : |
| v. | : No. 1:19-cv-00035-LPS-MPT |
| ANDREW SAUL,<br>Commissioner of<br>Social Security, | : |
| Defendant. | : |

## **REPORT AND RECOMMENDATION**

This matter arose from the denial by defendant Andrew Saul, Commissioner of Social Security ("Commissioner" or "defendant") of Sara White Dove-Ridgeway's ("Ridgeway" or "plaintiff") claims for disability insurance benefits (DIB") and supplemental security income ("SSI"). Presently before the court is plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Motion").[1] Attached to the Motion is a Statement the Attorney Time Expended ("Fee Statement") by plaintiff's counsel David F. Chermol ("Chermol").[2] The Commissioner filed an opposition to the Motion challenging plaintiff's entitlement to fees pursuant to the EAJA, but made no argument disputing Chermol's time expended or associated fees.[3] Plaintiff filed a Reply Brief reiterating her entitlement to attorney's fees, noting the Commissioner did not challenge the Fee Statement, and requesting an

---

[1] D.I. 31.
[2] D.I. 31-1. Plaintiff seeks EAJA fees in the amount of $10,094.00 (49.0 hours x $206.00 hourly rate). *Id.* at 3.
[3] D.I. 34.

additional $412.00 representing 2.0 hours of time, for preparation of the reply.[4]

For the reasons discussed below, the court recommends the district court deny plaintiff's Motion.

I.  **BACKGROUND**

On November 12, 2013, plaintiff applied for DIB under Title II of the Social Security Act ("Act"), and for SSI under Title XVI of the Act on December 9, 2013.[5] Both claims were denied on October 28, 2014, and upon reconsideration on October 23, 2015.[6] On November 3, 2015, plaintiff filed a request for a hearing before an administrative law judge ("ALJ").[7] The ALJ granted her request, and on June 19, 2017, plaintiff and a vocation expert appeared and testified at the hearing.[8] On July 5, 2017, the ALJ found plaintiff not disabled.[9] Following the ALJ's unfavorable decision, plaintiff filed a request for review on July 17, 2017.[10] The Appeals Council denied the request on July 24, 2018, thereby making the ALJ's decision the final decision of the Commissioner.[11]

On January 7, 2019, plaintiff filed an appeal to this court in this court against the

---

[4] D.I. 35.
[5] The ALJ's decision, see D.I. 13-2 at 29, as well as other case-related documents and submissions, reference November 9, 2013 as the date plaintiff applied for DIB, and that she applied for SSI on November 12, 2013. The administrative record indicates she applied for DIB on November 12, 2013, and for SSI on December 9, 2013. See D.I. 13-6 at 263-64 (Application Summary for Disability Insurance Benefits); id. at 266-74 (Application Summary for Supplemental Security Income).
[6] D.I. 13-5 at 174-77, 182-93.
[7] Id. at 194-98.
[8] Id. at 216-22; D.I. 13-3 at 65-103.
[9] D.I. 13-2 at 29-39.
[10] D.I. 13-5 at 260-61.
[11] D.I. 13-2 at 1-5.

Commissioner seeking judicial review of the denial of her DIB and SSI claims pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).[12]  The parties filed cross-motions for summary judgment on April 13 and June 12, 2019.[13]  Despite not having raised the issue during the administrative proceedings, in her appeal, plaintiff argued that the ALJ was not properly appointed under the Appointments Clause of the United States Constitution, U.S. CONST. art. II, § 2, cl. 2, and thus, had no legal authority to preside over her matter, hold a hearing, or issue an unfavorable decision.[14]  Plaintiff requested the matter be remanded for a hearing before a properly-appointed ALJ.[15]  The Commissioner did not contest the constitutional deficiency of the ALJ's appointment, but asserted plaintiff waived her Appointments Clause challenge for failing to raise the issue during the Social Security administrative process.[16]

On January 9, 2020, this court recommended granting plaintiff's motion for summary judgment, denying defendant's cross-motion for summary judgment, and remanding the matter for proceedings before a properly-appointed ALJ ("R&R").[17]  The Commissioner filed objections to the R&R on January 22, 2020.[18]  The district court conducted a *de novo* review and, on March 30, 2020, issued a Memorandum Order adopting the R&R and remanded the matter for proceedings before a properly-

---

[12] D.I. 2.
[13] D.I. 16 (plaintiff's motion for summary judgment); D.I. 19 (defendant's cross-motion for summary judgment).
[14] D.I. 16-1 at 8-12; D.I. 21 at 4-6.
[15] *Id.*  Plaintiff also argued the ALJ erred on the merits by finding she was not disabled.  D.I. 16-1 at 2-7.
[16] D.I. 20 at 14-24.
[17] D.I. 28.  Because the court recommended remand on the Appointment Clause issue, it did not reach the underlying merits of the ALJ's decision.
[18] D.I. 29.

appointed ALJ.[19]

## II. LEGAL STANDARDS

The EAJA was enacted "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts. The EAJA therefore provided for an award of attorney's fees and expenses to parties prevailing against the United States."[20] A prevailing party is entitled to attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[21]

"Substantially justified" means "'justified in substance or in the main' –that is, justified to a degree that could satisfy a reasonable person[, and is] . . . no different from [a] 'reasonable basis both in law and fact' formulation[.]"[22] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most

---

[19] D.I. 30. During the pendency of district court's resolution of the Commissioner's objections, the Court of Appeals for the Third Circuit issued its opinion in *Cirko v. Commissioner of Social Security* in which it held the general rule of exhaustion did not require Social Security Administration ("SSA") claimants to raise Appointments Clause challenges before the agency prior to raising that issue in federal court. 948 F.3d 148, 159 (3d Cir. 2020). The district court's Memorandum Order found that the R&R relied on the reasoning in one of the cases affirmed by *Cirko* and was fully consistent with the Third Circuit's opinion. *See* D.I. 30 at 3, 3 n.2. On April 22, 2021, the United States Supreme Court issued its opinion in *Carr v. Saul*, to resolve a conflict among the circuit courts on the exhaustion issue. 141 S. Ct. 135, Nos. 19-1442, 20-105, 2021 WL 1566608 (Apr. 22, 2021). The Court held that because SSA "claimants are not required to exhaust certain issues in administrative proceedings to preserve them for judicial review, claimants who raise [an Appointments Clause] issue[] for the first time in federal court are not untimely in doing so." *Id.* at *7.

[20] *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (citations and internal quotation marks omitted).

[21] 28 U.S.C. § 2412(d)(1)(A).

[22] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted).

part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."[23]

The government's "position" in a civil action includes both its litigating position and its pre-litigation actions or failure to act.[24] "[T]he government is deemed to have two positions for EAJA purposes, *both* [of which] must be substantially justified. . . . [I]f *either* government position does not bear scrutiny, the prevailing party should be awarded attorneys' fees [and other reasonable fees and expenses]."[25]

The burden of proving substantial justification is on the government.[26] To satisfy the burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in the law for the theory advanced; and (3) a reasonable connection between the facts alleged and the legal theory advanced.[27]

## III. DISCUSSION

"[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3)

---

[23] *Id.* at 566 n.2.
[24] *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990).
[25] *Taylor v. Heckler*, 835 F.2d 1037, 1040 (3d Cir. 1988) (citation omitted) (emphasis and first alteration added) (omission and second and third alterations in original); *see also Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009) ("The government's position consists of both its prelitigation agency position and its litigation position. . . . [W]hen determining whether the government's position is substantially justified, 'we must . . . arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action.'") (citations omitted); *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005) ("We have held that, in immigration cases, the Government must meet the substantially justified test *twice*–once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action.") (emphasis added).
[26] *Dougherty*, 711 F.2d at 561.
[27] *See Citizens Council of Del. Cty. v. Brinegar*, 741 F.2d 584, 593 (3d Cir. 1984). (citing *Dougherty*, 711 F.2d at 564).

that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment."[28]

There is no dispute that plaintiff is a prevailing party within the meaning of the EAJA because she received a judgment in her favor by this court remanding this case to defendant pursuant to sentence four of 42 U.S.C. § 405(g).[29] The Commissioner has neither challenged the hours, rate, or other issues relating to the Fee Request, nor argued any special circumstances make an award unjust. Therefore, the sole dispute is whether the government can carry the burden of showing substantial justification in both its prelitigation position at the administrative level and its litigation position before this court.

Plaintiff argues substantial justification cannot be shown for either the government's prelitigation or litigation position, but places emphasis on the its prelitigation position. Plaintiff emphasizes the Commissioner's burden to show substantial justification for its position "is a strong one and is not met merely because the government adduces 'some evidence' in support of its position."[30] Plaintiff argues

---

[28] *Jean*, 496 U.S. at 158.

[29] *See Shalala v. Schaefer*, 509 U.S.292, 296-302 (1993). Sentence four of 42 U.S.C. § 405(g), recites: "[t]he court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[30] D.I. 32 at 1 (quoting *Washington v. Heckler*, 756 F.2d 959, 967 (3d Cir. 1985)); D.I. 35 at 1-2. The court notes plaintiff's statements that "[t]he Commissioner cannot meet this burden given that SSA had to cease its defense in this matter based upon the legal issues identified in Plaintiff's opening brief," and "[i]t is a waste of everyone's time to repeat those issues which Plaintiff has already briefed in depth to this Court. . . . Plaintiff will not address these issues at length as the Court can read Plaintiff's prior briefs." D.I. 32 at 1; D.I. 35 at 8. The first quotation refers to the Commissioner's

6

the Commissioner cannot meet its burden because the SSA admitted violation of this claimant's constitutional rights and conceded the hearing ALJ had no lawful authority under the constitution to hear and decide this case.[31]

### A. The Commissioner's Prelitigation Position was Substantially Justified

Plaintiff insists the Commissioner cannot show its prelitigation position was substantially justified because the SSA conceded the ALJ had no constitutional authority to preside over her claims.[32] She argues "[t]he governmental action which

---

purported inability to show substantial justification for its position during the administrative process and litigation. The second is in a section addressing the ALJ's decision on the merits of plaintiff's claims. This court did not address the parties' arguments on merits of the ALJ's decision in its R&R, and does not address them here. *See Marant v. Saul*, No. 18-4832, 2020 WL 3402416, at *6 n.6 (E.D. Pa. June 19, 2020) (declining to address the Commissioner's position that his argument on the merits was substantially justified because "[t]he ALJ who rendered that decision was not constitutionally appointed, so whether supported by substantial [justification] or not, the case must be considered by a different properly appointed ALJ pursuant to *Cirko*"). Moreover, each of plaintiff's directives to the court, essentially "go read my prior briefs," comes without citation to specific pages of import, perhaps suggestion "all of it" as the answer. Indeed, the one citation to the parties' summary judgment briefs is made in the body of plaintiff's reply brief (asserting the government conceded the ALJ had no constitutional authority to hear and decide plaintiff's case) refers this court to pages 12-21 of the *Commissioner's* summary judgment brief opposing plaintiff's motion. *See* D.I. 35 at 3. Those pages, however, include partial sections of the Commissioner's arguments on the merits, and only part of the Commissioner's Appointments Clause arguments. This lack appropriate citation comes despite plaintiff's opening brief taking advantage only 2.5 pages of the permitted 20, and her reply brief being slightly more than 8 of the permitted 10 pages. *See* D.I. 32; D.I. 35; Del. LR 7.1.3(4).

[31] D.I. 35 at 2 (citing *Morgan v. Perry*, 142 F.3d 670, 690 (3d Cir. 1998) ("Indeed, in the usual case, a constitutional violation will preclude a finding that the government's conduct was substantially justified.").

[32] *Id.* at 3 ("SSA cannot [show substantial justification] where the Agency has conceded that this ersatz ALJ had no lawful authority under the Constitution to hear and decide this case."). The court notes Ridgeway's counsel made exactly the same argument, verbatim, in another case. *See Brink v. Saul*, C.A. No. 19-2350, 2020 WL 4674116, *3 (E.D. Pa. Aug. 12, 2020) ("Plaintiff argues that the Commissioner cannot establish that the agency action giving rise to the litigation was substantially justified,

gave rise to this lawsuit and resulted in this successful appeal was SSA's admittedly unconstitutional action of authorizing this ersatz ALJ to hear and decide this disability application."[33] Plaintiff contends the government's purported failure to provide a defense as to its prelitigation actions means the SSA cannot prove substantial justification as a matter of law.[34]

The Commissioner agues its prelitigation position was substantially justified.[35] It is not disputed that plaintiff did not claim the ALJ who decided her case was not properly appointed under the Appointments Clause at the administrative level, thus, the Commissioner notes that issue was not addressed.[36] The government also provides citation to multiple district court cases denying EAJA fee motions based on improperly-appointed ALJs where the government's prelitigation position was found to be substantially justified.[37]

Although the Commissioner's defense of its prelitigation position is minimal, it is sufficient. The court also notes that with respect to her entitlement-to-fees argument,

---

because the 'Agency has conceded that this ersatz ALJ had no lawful authority under the Constitution to hear and decided this case.' (Doc. 22 at 4).").  The *Brink* court rejected that argument because "the Commissioner has never taken the position that the ALJ's were constitutionally appointed after *Lucia*, and found the Commissioner's prelitigation position substantially justified.  *Id.* at *3-4.

[33] D.I. 35 at 3 (emphasis removed).
[34] *Id.* at 4 (citing *Brinker*, 798 F.2d at 664-69 (holding that the government's ultimate litigation position cannot alone provide substantial justification for its position when the underlying governmental actions and inactions were improper).
[35] D.I. 34 at 1.
[36] *Id.*
[37] *Id.*  Although the Commissioner cited these cases in relation to substantial justification for its litigation position, as plaintiff forcefully reminds the court, to deny EAJA fees to a prevailing party, the court must determine that *both* that the government's prelitigation and litigation position were substantially justified.

plaintiff's two-and-a-half-page opening brief consists of one paragraph of black letter law concerning substantial justification and the government's burden, followed by the two-sentence statement: "The Commissioner cannot meet [its] burden given that SSA had to cease its defense in this matter based upon the legal issues identified in Plaintiff's opening brief. In addition, any specific defenses which SSA does not raise in its response are waived."[38] Plaintiff spends approximately three of the eight-plus pages of her reply brief providing argument explaining why the government cannot substantially justify its prelitigation position; material that should have been included in her opening brief.[39]

Here, the government's prelitigation position is based on the Commissioner's inaction, i.e., failing properly to appoint an ALJ at the administrative level. Because the propriety of that inaction is based in law, not facts, the court does not engage in the three-part analysis set forth in *Brinegar*, above. Only whether that inaction was substantially justified must be determined.[40] The timeline of events is helpful in resolving whether the Commissioner's prelitigation position was substantially justified.

---

[38] D.I. 34 at 1.
[39] *See* D.I. 35 at 3-6; Del. LR 7.1.3(c)(2) ("Reply Briefs. The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). Although the government bears the burden of showing its position was substantially justified, its is the *plaintiff's* motion for fees being decided. The court does not find mere reference to "Plaintiff's opening [summary judgment] brief" sufficient to transform her opening EAJA brief a full and fair recitation of her position, particularly where the substantial justification of the government's prelitigation position was not a summary judgment issue.
[40] *See McNeish v. Saul*, No. CV 18-582, 2020 WL 4060322, at *3 (E.D. Pa. July 20, 2020) (determining the Commissioner's inaction raised only an issue in law and deciding whether the government's prelitigation position was substantially justified solely based on whether there was a reasonable basis for that inaction).

9

Plaintiff filed for benefits on November 12 and December 9, 2013.[41] The ALJ issued his decision on July 17, 2017.[42] On June 21, 2018, the Supreme Court issued its decision in *Lucia v. Securities and Exchange Commission*, holding that ALJ's at the Securities and Exchange Commission are inferior officers who must be appointed consistent with the Appointments Clause.[43] On July 16, 2018, the *Lucia* opinion was also determined to apply to Social Security ALJs.[44] On July 24, 2018, the Appeals Council denied review, thereby making the ALJ's decision the final decision of the Commissioner.[45] Plaintiff did not raise the Appointments Clause issue to either the ALJ or the Appeals Council.

> [T]here is no *per se* rule that imposes counsel fees on the government when it loses merely because its legal theory is rejected. . . . If, for example, the case turns on an unsettled or "close question of law," . . . the government usually will be able to establish that its legal theory was "reasonable," even if it was not ultimately accepted as a legal rule by the courts.[46]

At the time plaintiff's proceedings the law regarding exhaustion as it related to a claimant's failing to raise an Appointments Clause challenge at the agency level was

---

[41] D.I. 136-6 at 263-64, 266-74.
[42] D.I. 132-2 at 29-39.
[43] 138 S. Ct. 2044, 2053-55 (2018).
[44] *See* Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process--UPDATE (available at: https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM (noting that in response to the *Lucia* decision, "[o]n July 16, 2018, the Acting Commissioner ratified the appointment of ALJs and AAJs and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims")).
[45] D.I. 13-5 at 260-61.
[46] *Marant v. Saul*, No. 18-4832, 2020 WL 3402416, at *3 (E.D. Pa. June 19, 2020) (alteration and omission in original) (quoting *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985)).

unsettled. "After *Lucia*, but before *Cirko*, numerous courts considered cases where a Social Security claimant was raising an Appointments Clause challenge that they had not raised administratively, with differing results."[47]

Post-*Cirko*, many EAJA fees cases in the Third Circuit with similar facts and timelines as the instant matter have found the government's prelitigation position substantially justified.[48] For instance, in *Marant* the Commissioner argued "it reasonably did not address the Appointments issue at the agency level because Plaintiff never raised an objection."[49] Focusing on the propriety of the ALJ's appointment in that matter, which was the basis of the district court's remand, the court quoted Justice Sotomayor's statement in her *Lucia* dissent: "'The Court today and scholars acknowledge that this Court's Appointments Clause jurisprudence offers little guidance on who qualifies as an 'Officer of the United States.' . . . This confusion can undermine the reliability and finality of proceedings and result in wasted resources."[50] The *Marant* court also noted "Justice Sotomayor's suggestion that there was 'little guidance' and 'confusion' as to whether ALJ's needed to be appointed consistent with the Appointments Clause is further underscored by the fact that the Court undertook review in *Lucia* in the face of a circuit split on the question."[51] There, the court found

---

[47] *Id.* at *5 (citing *Culclasure v. Comm'r of Soc. Sec.*, 375 F. Supp. 3d 559, 568-70 (E.D. Pa. 2019) "for an extensive discussion of these pre-*Cirko* arguments, and the Administration's response to *Lucia*")).
[48] *See, e.g.*, D.I. 34 at 2 n.1 (listing cases).
[49] *Marant*, 2020 WL 3402416, at *4.
[50] *Id.* (quoting *Lucia*, 138 S. Ct. 2044, 2064-65 (Sotomayor, J., dissenting)).
[51] *Id.* (citation omitted). The point was again relatedly underscored by the Supreme Court's decision in *Carr* resolving a conflict among the circuit courts concerning the exhaustion issue with respect to preserving a plaintiff's right to judicial review of an Appointments Clause challenge in federal court where that challenge was

11

the Commissioner's prelitigation position "substantially justified because there was legal uncertainty as to whether appointments of Social Security ALJ's fall under the Appointments Clause."[52] Other cases have come to similar conclusions based on similar timelines.[53]

This case presents a slightly different timeline in that Ridgeway's claims were denied by the ALJ prior to *Lucia* but her request for review remained pending before the Appeals Council after *Lucia* issued. The same circumstances arose in *Rich v. Commissioner of Social Security Administration* where the court determined the Commissioner did not have an affirmative *sua sponte* duty to raise an Appointment Clause challenge where the challenged ALJ hearing was held before *Lucia* issued, but the Appeals Council denial of review occurred after.[54] The *Rich* court relied *Marant*'s reasoning that an agency lacks substantial justification for its position if the position "conflict[s] with a clearly settled legal principle articulated consistently by the courts' or if it constitutes "bureaucratic arbitrariness."[55] Because the *Rich* court found no such

---

not raised at the administrative level. *See Carr*, 141 S. Ct. 135, 2021 WL 1566608, at *7.

[52] 2020 WL 3402416, at *4 (citing *Washington*, 756 F.2d at 961-62).
[53] *See, e.g.*, *Hayes v. Saul*, C.A. No. 17-5225, 2020 WL 5993504, at *2 (E.D. Pa. Oct. 9, 2020) (finding the Commissioner's prelitigation position substantially justified in not affirmatively raising the Appointment Clause issue where the ALJ decision and Appeals Council denial of review were before *Lucia* was decided, and stated "[p]rior to *Lucia*, it was neither clear nor settled whether appointments of ALJs fell within the Appointments Clause"); *Lebron-Torres v. Comm'r of Soc. Sec. Admin.*, C.A. No. 18-1212, 2002 WL 3488424, at *2 (June 26, 2020) ("The Commissioner's failure to raise the Appointments Clause issue during Lebron-Torres's administrative proceedings was therefore reasonable because the ALJ and Appeals Council acted before the Supreme Court issued its decision in *Lucia*.").
[54] 477 F. Supp. 3d 388, 393-94 (E.D. Pa. 2020).
[55] *Id.* (quoting *Marant*, 2020 WL 3402416, at *4).

conflict or arbitrariness in the Commissioner's decision not to *sua sponte* raise Appointments Clause challenges, and no support to impose such obligation, it determined the government's position at the administrative level was substantially justified.[56] The court agrees with the reasoning of *Rich* and likewise finds the Commissioner was under no obligation to *sua sponte* raise Appointments Clause challenges. Thus, in light of the unsettled nature of the law at the time, the court finds the government's prelitigation position was substantially justified.

### B. The Commissioner's Litigation Position was Substantially Justified

The court next determines whether the Commissioner's litigation position was substantially justified. Before this court the Commissioner took the position that plaintiff had forfeited her Appointments Clause challenge by failing to timely raise it at the administrative level.[57] To determine whether that position was substantially justified the court analyzes whether the Commissioner presents (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in the law for the theory advanced; and (3) a reasonable connection between the facts alleged and the legal theory advanced.[58] The court determines the Commissioner's litigation position was substantially justified because: (1) there is no dispute plaintiff did not raise her Appointments Clause

---

[56] *Id.*; *see also Brink*, 2020 WL 4674116, at *4 ("Plaintiff admittedly did not raise the Appointments Clause claim at the administrative level. The Commissioner did not raise the [Appointment Clause] issue on plaintiff's behalf before the Appeals Council, and we know of no authority requiring the Commissioner to do so."); (*Wojciechowski v. Saul*, No. CV 18-3843, 2020 WL 3542248, at *4 (E.D. Pa. June 30, 2020) ("The Commissioner did not raise the [Appointment Clause] issue on plaintiff's behalf before the Appeals Council, and we know of no authority requiring the Commissioner to do so.").

[57] D.I. 20 at 14-24; D.I. 34 at 1.

[58] *Brinegar*, 741 F.2d at 593 (citation omitted).

challenge during the administrative proceedings; (2) many courts have agreed with the Commissioner's position and found SSA claimants waived an Appointments Clause challenge if the plaintiff did not raise the issue during the administrative proceeding; and (3) there is a reasonable connection between the fact plaintiff did not raise a challenge and the government's theory that such failure resulted in forfeiture of that challenge in federal court.

Plaintiff argues the Commissioner's litigation position was not substantially justified because the SSA consistently argued the hearing in this disability action was so extremely formal that the claimant forfeited any constitutional rights which he did not assert at that hearing, a position contrary to Agency policy.[59] She also maintains it was irrelevant as a matter of law whether the claimant raised an Appointments Clause challenge before the Appeals Council because in *Sims v. Apfel,* the Supreme Court held a disability claimant need never raise any issue before the Appeals Council in order to preserve an issue for judicial review.[60] Therefore, plaintiff's ultimate argument is that "there has only ever been one issue in this appeal–namely, ALJ level issue exhaustion" and "[t]he Agency has consistently maintained in litigation that claimants forfeit their constitutional rights by not raising them before the ALJ, but the Third Circuit

---

[59] D.I. 35 at 6 (citing 20 C.F.R. §§ 404.900(b), 416.1400(b); SSR 13-1p, 2013 WL 633939, at *3 (confirming Agency policy that ALJ hearings are informal); *Biestech v. Berryhill*, 139 S. Ct. 1148, 1151-52 (2019) (confirming the informality of the SSA's hearings process)). Plaintiff also argues it was unreasonable for the Commissioner to continue to defend this case after the Agency issued SSR 19-1p, 2019 WL 1324866. *Id.* at 7.

[60] *Id.* at 7 (citing *Sims v. Apfel*, 530 U.S. 103, 108-09 (2000)). In *Cirko*, the Third Circuit noted *Sims*' statement that "[w]hether a claimant must exhaust issues before [an] ALJ is not before us," and that *Sims* [did] not dictate the answer to this question. *Cirko*, 948 F.3d at 155 (quoted alterations in original).

14

has now explicitly rejected SSA's argument."[61]

On that one issue, the court finds the dispute turns on the second element, whether the Commissioner had a reasonable basis in law for arguing plaintiff failed to exhaust her Appointment Clause challenge by not raising it before the ALJ. The court finds there were a reasonable basis to so argue. First, the Third Circuit's January 23, 2020 decision in *Cirko*, and the Supreme Court's recent 2021 decision in *Carr*, resolving the Appointments Clause-exhaustion issue is not dispositive of the reasonableness of the Commissioner's position in 2019. "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."[62] Here, case law reveals that the Commissioner's litigation position had a reasonable basis in law and fact.

"Pre-*Cirko* . . . , particularly within the Third Circuit, there existed sufficient variation between decisions on whether or not an Appointments Clause challenge needed to be raised in the administrative proceedings to render the commissioner's position substantially justified" constituting the type of "'unsettled or close question of

---

[61] D.I. 35 at 7 (citing *Cirko*, 948 F.3d at 153-60). Plaintiff reiterates that SSR 19-1p was SSA's own policy statement, a policy statement which was both prospective and retrospective in its effect, that a claimant need never raise an Appointment Clause challenge before an ALJ in order to receive relief on that issue. *Id.* citing SSR 19-1p, 2019 WL 1324866, at *3). The SSA's litigation position contrasted with the Agency's own policy position, alone, purportedly demonstrates that the SSA's substantial justification defense fails. *Id.* The court disagrees because plaintiff's assertion is not a "clearly settled legal principle articulated consistently by the courts," *Marant*, 2020 WL 3402416, at *4, and plaintiff cites no cases establishing it as such.
[62] *Pierce v. Underwood*, 487 U.S. 552, 556 n.2 (1988).

15

law' that justifies the Government's position as based on a reasonable theory of law."[63] Significantly, in *Carr* the Supreme Court explicitly noted the unsettled nature of law on the issue,

> In *Lucia*, the Supreme Court held that a new hearing should be granted if one makes a "timely challenge" to the constitutionality of the Appointment of an ALJ . . . but . . . did not define what qualifies as a "timely challenge." Therefore, whether the claimant waives the Appointments Clause claim by failing to exhaust it at the administrative level was an unsettled question at the time the Commissioner filed his response[.][64]

The court therefore finds the Commissioner had a reasonable basis in law for its litigation position.

As for the third element, the Commissioner had a reasonable basis to raise forfeiture based on the fact that the Commissioner did not address the appointment issue of the ALJ because plaintiff did not raise it at the administrative level and no settled law obligated the Commissioner to *sua sponte* raise it on her behalf. Those facts were reasonably connected to the Commissioner's litigation position because at the time the law was unsettled.

Thus, this court finds the Commissioner's litigation position was substantially justified. Because the position of the Commissioner at the agency level and in litigation before this court were substantially justified, plaintiff's Motion is denied.

## IV. CONCLUSION

---

[63] *Marant*, 2020 WL 3402416, at *5 (citations omitted); *see also id.* at *6 ("[B]efore *Cirko*, there existed a sufficiently unsettled or close question of law as to whether an Appointments Clause claim was waived if it was not raised administratively."); *Hayes*, 2020 WL 5993504, at *4 (listing "[s]everal district courts support[ing] the Commissioner's position" post-*Lucia*).
[64] 141 S. Ct. 135, 2021 WL 1566608, at *4 (citations omitted).

For the foregoing reasons, it is recommended that plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (D.I. 31) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(b) and (C), Fed. R. Civ. P. 72(b), and D. DEL. LR 72.1, any objections to this Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be limited to ten (10) pages and filed within fourteen (14) days thereafter.

The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under Fed. R. Civ. P. 72 dated October 9, 2013, a copy of which is found on the Court's website (www.ded.uscourts.gov).

May 7, 2021

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge