IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARA WHITE DOVE-RIDGEWAY, | : | |
| Plaintiff, | : : : | |
| v. | : : | No. 1:19-cv-00035-LPS-MPT |
| KILOLO KIJAKAZI, Acting Commission of Social Security,[1] | : : : : | |
| Defendant. | : : | |

### REPORT AND RECOMMENDATION

This action arose from the denial by the Commissioner of Social Security ("Commissioner" or "defendant") of claims by Sara White Dove-Ridgeway ("Dove-Ridgeway" or "plaintiff") for disability insurance benefits ("DIB") and supplemental security income ("SSI").[2]

### I.   BACKGROUND

On November 12, 2013, plaintiff applied for DIB under Title II of the Social Security Act ("Act"), and for SSI under Title XVI of the Act on December 9, 2013.[3]  Both

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 43(c)(2) of the FEDERAL RULES OF APPELLATE PROCEDURE, Kilolo Kijakazi should therefore be substituted for Andrew Saul as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[2] D.I. 2.
[3] The Administrative Law Judge's ("ALJ") decision (see D.I. 13-2 at 29), as well as other case-related documents and submissions, reference November 9, 2013 as the date plaintiff applied for DIB, and that she applied for SSI on November 12, 2013.  The administrative record indicates she applied for DIB on November 12, 2013, and for SSI on December 9, 2013.  See D.I. 13-6 at 263-64 (Application Summary for Disability Insurance Benefits); id. at 266-74 (Application Summary for Supplemental Security Income).

claims were denied on October 28, 2014, and upon reconsideration on October 23, 2015.[4]  On November 3, 2015, plaintiff filed a request for a hearing before an ALJ.[5]  The ALJ granted her request, and on June 19, 2017, plaintiff and a vocation expert appeared and testified at the hearing.[6]  On July 5, 2017, the ALJ found plaintiff not disabled.[7]  Following the ALJ's unfavorable decision, plaintiff filed a request for review on July 17, 2017.[8]  The Appeals Council denied the request on July 24, 2018, thereby making the ALJ's decision the final decision of the Commissioner.[9]

The parties filed cross-motions for summary judgment on April 13 and June 12, 2019.[10]  Despite not having raised the issue during the administrative proceedings, in her appeal, plaintiff argued the ALJ was not properly appointed under the Appointments Clause of the United States Constitution, U.S. CONST. art. II, § 2, cl. 2, and thus, had no legal authority to preside over her matter, hold a hearing, or issue an unfavorable decision.[11]  Plaintiff requested the matter be remanded for a hearing before a properly-appointed ALJ.[12]  The Commissioner did not contest the constitutional deficiency of the ALJ's appointment, but asserted plaintiff waived her Appointments Clause challenge for failing to raise the issue during the Social Security administrative process.[13]

---

[4] D.I. 13-5 at 174-77, 182-93.
[5] *Id.* at 194-98.
[6] *Id.* at 216-22; D.I. 13-3 at 65-103.
[7] D.I. 13-2 at 29-39.
[8] D.I. 13-5 at 260-61.
[9] D.I. 13-2 at 1-5.
[10] D.I. 16 (plaintiff's motion for summary judgment); D.I. 19 (defendant's cross-motion for summary judgment).
[11] D.I. 16-1 at 8-12; D.I. 21 at 4-6.
[12] *Id.*  Plaintiff also argued the ALJ erred on the merits by finding she was not disabled.  D.I. 16-1 at 2-7.
[13] D.I. 20 at 14-24.

On January 9, 2020, the court recommended granting plaintiff's motion for summary judgment, denying defendant's cross-motion for summary judgment, and remanding the matter for proceedings before a properly-appointed ALJ ("R&R").[14] The Commissioner filed objections to the R&R on January 22, 2020.[15] The district court conducted a *de novo* review and, on March 30, 2020, issued a Memorandum Order adopting the R&R and remanded the matter for proceedings before a properly-appointed ALJ.[16]

On June 17, 2020, plaintiff filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA Motion").[17] The court recommended denying the EAJA Motion on May 7, 2021 ("EAJA R&R").[18] Plaintiff filed Objections to the EAJA R&R on May 21, 2021 and defendant filed its Response to Objections on June 9, 2021.[19] The district court's ruling on the Objections is pending review.

On November 18, 2021, plaintiff's counsel, David F. Chermol ("Chermol"), moved for an award of attorney fees pursuant to 42 U.S.C. § 406(b) of the Act ("Fees

---

[14] D.I. 28. Because the court recommended remand on the Appointment Clause issue, it did not reach the underlying merits of the ALJ's decision.
[15] D.I. 29.
[16] D.I. 30.
[17] D.I. 31.
[18] D.I. 36.
[19] D.I. 37; D.I. 38. On June 9, 2021, plaintiff filed Objections to defendant's Response to Objections (D.I. 39) to which defendant did not further respond. On July 12, 2021, plaintiff filed a Notice of Supplemental Authority attaching the ALJ's July 8, 2021 fully favorable remand Decision on plaintiff's claims. D.I. 40 (Notice of Supplemental Authority); D.I. 40-1 (Notice of Decision–Fully Favorable; ALJ Decision). On December 1, 2021, the Commissioner filed a Notice of Supplemental Authority "direct[ing] the court to eight decisions across eight federal circuits that have ruled on issues similar to those currently before the court." *See* D.I. 43 (citing cases).

Motion").[20]  For the reasons discussed below, it is recommended the Fees Motion be granted.

## II.     GOVERNING LAW

Pursuant to 42 U.S.C. § 406(b):

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[21]

## III.    DISCUSSION

### A.     Chermol's Statements in Support of the Fees Motion

In support of the Fees Motion, Chermol states the following:

1. Counsel represented plaintiff in this civil action and, through appellate advocacy, convinced this court to remand this matter for further administrative proceedings.  The remand led to a Fully Favorable Decision by the ALJ and an outright award of benefits.[22]

2. The SSA issued a Notice of Award dated September 24, 2021 determining

---

[20] D.I. 41.  Plaintiff seeks attorney fees in the amount of $16,254.75.  *Id.* Attached to the Fees Motion are:  Social Security Administration ("SSA") Notice of Award ("Notice of Award") (D.I. 41-2); and, Social Security Retainer and Fee Agreement ("Fee Agreement") (D.I. 41-3).  A Statement of Attorney Time Expended, referenced as Exhibit C to the Fees Motion, was filed separately.  *See* D.I. 42.
[21] 42 U.S.C. § 406(b).
[22] D.I. 41 ¶ 1 (citing D.I. 41-2); D.I. 40-1.

plaintiff is entitled to Social Security benefits totaling $65,019.00 for January 2013 through July 2021.  Twenty-Five percent (25%) of the past due benefits is $16,254.75, and the SSA properly withheld this amount to pay the claimant's attorney fees.[23]  Supreme Court precedent allows the total of 406(a) fees and 406(b) fees to exceed 25%.[24]  The policy of plaintiff's firm is to not seek fees that would require the claimant to pay more than 25% of past due benefits for all levels of representation and after all representatives have been paid.  Moreover, instead of seeking to recover the firm's full fee through the 406(a) fee process, they instead seek it through 406(b) so that the claimant can receive an EAJA refund.

    3.  The SSA failed to send a copy of the Notice of Award to plaintiff's counsel.  Counsel obtained a copy only after a substantial expenditure of time communicating with the SSA's payment center. [25]

    4.  The claimant and her counsel entered into a Fee Agreement.[26]  Consistent with the Fee Agreement and the statute, counsel seeks 406(b) fees.  Both the statute and the Fee Agreement provide for a fee of 25% of past due benefits owed to plaintiff.

    5.  The EAJA motion is still pending.  If 406(b) fees are awarded in the amount sought, counsel requests that he be ordered to refund any EAJA fees paid to the claimant.[27]

    6.  A Statement of Attorney Time Expended litigating and winning this appeal in

---

[23] D.I. 41 ¶ 2 (citing D.I. 41-2).
[24] *Id.* ¶ 2 (citing *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019)).
[25] *Id.* ¶ 3 (citing D.I. 41-2 showing no copy was sent to the claimant's attorney).
[26] *Id.* ¶ 4 (citing D.I. 41-3).
[27] *Id.* ¶ 5.

federal court was filed in support of the Fees Motion.[28] This statement was revised to include all of the time expended thus far litigating this matter in federal court.

    7. Counsel Chermol has not represented the claimant in any other matter. Section 406(b) fees can only be sought for the time expended in federal court.[29] Chermol suggests the court can recognize the additional 52+ hours of attorney time his firm expended winning this case at the administrative level.[30]

    8. Representation of Dove-Ridgeway by plaintiff's counsel before this court was instrumental in her ultimate receipt of benefits because plaintiff would not have been able to effectively challenge the ALJ's decision on her own after the Appeals Council denied review. Counsel's representation of plaintiff in the federal court proceedings, as well as the additional representation provided at the administrative level upon remand, resulted in her obtaining benefits the SSA previously denied.[31]

    9. As a result of counsel's efforts, plaintiff's past-due benefits amount to

---

[28] *Id.* ¶ 6 (citing D.I. 42). The Statement of Attorney Time Expended provides a summary of activities, and time expended thereon, from January 2, 2019 through July 10, 2021, reflecting a total of 59.0 hours. D.I. 42 at 2-3. Chermol avers these hours represent all attorney time spent on this case at the federal court level. *Id.* at 4.

[29] D.I. 41 ¶ 7 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)).

[30] *Id.* ¶¶ 7-8 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (holding that attorneys should recover a "fully compensatory fee" when the client receives "excellent results" and considering contingency representation an important factor in awarding an enhanced fee); *Gisbrecht*, 535 U.S. at 805 (examining the legislative history of the Act and how Congress intended to protect claimants from "inordinately large fees" and determining that: "[N]othing in the text or history of § 406(b) reveals a 'design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements.' Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements.")).

[31] *Id.* ¶ 9.

$65,019.00.[32]  The claimant is currently 46 years of age and the total additional benefits beyond those past due (assuming continued disability until age 67) will exceed $175,000.00, plus higher retirement benefits at age 67.  The total value of this decision to plaintiff is therefore likely in excess of $235,000.00, without even considering health coverage benefits.

10.  If EAJA fees are awarded in the amount sought, plaintiff will have paid only a very small percentage of the overall award despite federal court and administrative level representation exceeding 110 hours of attorney work.  In addition, plaintiff is eligible for Medicare benefits.  Moreover, the Ticket to Work Act, 20 C.F.R., Part 411, Subparts A-C, allows plaintiff automatic benefits after her trial work period expires in any month she does not earn SGA level wages, for 60 months, as part of the extended work period.  Chermol suggests these factors are relevant to the court's consideration of the requested fees.[33]

11.  The contingent-fee agreement between plaintiff and her attorneys provided that the fee for representation would be 25% of past-due benefits.[34]  An award of $16,254.75 is consistent with that.

12.  The court should consider the considerable risk counsel took in agreeing to represent this claimant on a contingency basis in federal court.[35]

13.  Because it is not legal for an attorney to charge a claimant a non-contingent

---

[32] *Id.* ¶ 10 (citing D.I. 41-2).
[33] *Id.* ¶ 11.
[34] *Id.* ¶ 12 (citing D.I. 41-3).
[35] *Id.* ¶ 13 (citing *Wilson v. Astrue*, 622 F. Supp. 2d 132 (D. Del. 2008) (awarding $21,958.13 in 406(b) fees for 19.0 hours of work before the court given the inherent significant risk of non-recovery and the fully favorable decision obtained)).

fee for legal services in a Social Security disability matter,[36] most disability attorneys do not have any non-contingent hourly rate for their work in this area. Plaintiff's counsel describes himself as a well known disability attorney, and that he provides training to other disability firms regarding the handling of disability matters at all levels of the system. His **non-contingent** hourly rate for such work is $595.00, consistent with the DOJ's Laffey Matrix.[37]

14. Counsel will mail a copy of this motion, proposed order, and all of the relevant exhibits to plaintiff at the official address listed for plaintiff on the SSA's Notice of Award.[38]

15. Consistent with the requirements of the local rules, the parties conferred on this motion prior to its filing. However, the SSA is not strictly a party in interest in 406(b) matters and instead functions in a quasi-fiduciary capacity. Accordingly, the SSA will file a response to this motion.[39]

### B.   Defendant's Position

Defendant, Commissioner of Social Security, by counsel, "neither supports nor opposes counsel's request for attorney's fees in the amount of $16,254.75, under 42 U.S.C. §§ 406(b) and 1383(d)(2)."[40]

Defendant notes that "[a]lthough the motion for fees is filed under Plaintiff's name, Plaintiff's counsel is the real party-in-interest, and Defendant has no direct

---

[36] *Id.* ¶ 14 (citing 42 U.S.C. § 406; *Gisbrecht*, 535 U.S. at 807).
[37] *Id.* (emphasis in original) (citing https://www.justice.gov/usao-dc/page/file/1189846/download).
[38] *Id.* ¶ 15.
[39] *Id.* ¶ 16.
[40] D.I. 44 at 1.

financial stake in the outcome of this motion; rather, she 'plays a part in the fee determination resembling that of a trustee for the claimants.'"[41] The court, however, must determine whether the request for attorney fees under 42 U.S.C. §§ 406(b) and 1383(d)(2) is reasonable.[42]

### C. Court's Determination

The court is authorized to determine and allow a "reasonable [attorney] fee . . . not in excess of twenty-five percent of the total of past-due benefits to which the claimant is entitled."[43] The percentage of fees sought by counsel and specified in plaintiff's Fee Agreement with counsel is consistent with that authorization.

In light of the risks associated with Chermol's contingency representation of plaintiff, the court finds that the time devoted to this matter by counsel, counsel's expertise in representing plaintiffs such as Dove-Ridgeway in Social Security disability matters, and the hourly fee requested are reasonable, and are consistent with past awards from this court.[44]

Thus, the court recommends the Fees Motion be granted.

### IV. CONCLUSION

For the reasons discussed above, and because the Commissioner did not object to Chermol's request for fees,[45] it is recommended that plaintiff's Motion for an Award of Attorney Fees pursuant to 42 U.S.C. § 406(b) (D.I. 41) is **GRANTED** as follows:

---

[41] *Id.* (citing *Gisbrecht*, 535 U.S. at 798 n.6).
[42] *Id.* at 1-2 (citing *Gisbrecht*, 535 U.S. at 798 n.6).
[43] 42 U.S.C. § 406(b)(1)(A).
[44] *See Wilson v. Astrue*, 622 F. Supp. 2d 132 (D. Del. 2008).
[45] *See* D.I. 44 at 1.

1. Counsel David F. Chermol, Esquire is awarded attorney fees under the Social Security Act, 42 U.S.C. §§ 406(b) and 1383(d)(2), in the amount of $16,254.75; and,

2. Upon receipt of this amount, counsel Chermol shall reimburse plaintiff any fees received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

December 3, 2021     /s/ Mary Pat Thynge
                     Chief U.S. Magistrate Judge