# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARA WHITE DOVE-RIDGEWAY, | : |
| Plaintiff, | : |
| v. | : C.A. No. 19-35-LPS-MPT |
| KILOLO KIJAKAZI,<br>Commissioner of Social Security,[1] | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, Chief Magistrate Judge Thynge issued a 17-page Report and Recommendation (the "Report") (D.I. 36), dated May 7, 2021, recommending that the Court deny Plaintiff Sara White Dove-Ridgeway's ("Plaintiff" or "Dove-Ridgeway") motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (D.I. 31);[2]

WHEREAS, on May 21, Dove-Ridgeway objected to the Report ("Objections") (D.I. 37);

WHEREAS, on June 3, Defendant Kilolo Kijakazi ("Defendant" or "Commissioner") responded to Dove-Ridgeway's Objections ("Response") (D.I. 38);

---

[1] Kilolo Kijakazi replaced Andrew Saul as Commissioner of Social Security on July 9, 2021 and is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d). (*See* D.I. 43 at 1 n.1)

[2] Dove-Ridgeway also filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act on November 18, 2021. (D.I. 41) The Commissioner "neither supports nor opposes" that request. (D.I. 44 at 1) Judge Thynge issued a separate Report and Recommendation on December 3, recommending that the Court grant the motion. (D.I. 45) The Court will issue an order addressing that motion after the time for objections to the Report and Recommendation has passed.

1

WHEREAS, on June 9, Dove-Ridgeway replied to Defendant's Response, notwithstanding that Federal Rule of Civil Procedure 72(b)(2) and the Court's order (*see* D.I. 36) provide only for Objections and Response, adding that "[n]o further briefing shall be permitted with respect to objections without leave of the Court" (D.I. 39);

WHEREAS, on July 12, Dove-Ridgeway submitted supplemental authority informing the Court of the Social Security Administration's ("SSA") issuance of a fully favorable decision on remand (D.I. 40);

WHEREAS, on December 1, Defendant submitted supplemental authority, specifically citing decisions from eight federal Courts of Appeals concluding the Commissioner's position under similar circumstances was substantially justified (D.I. 43);

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. Dove-Ridgeway's Objections (D.I. 37) are **OVERRULED**, Judge Thynge's Report (D.I. 36) is **ADOPTED**, and Dove-Ridgeway's motion (D.I. 31) is **DENIED**.

2. Dove-Ridgeway objects to the Report's conclusion that the Commissioner's prelitigation and litigation positions were substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A) (prevailing party is entitled to attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust"). As the Report explained, to satisfy her burden to show her position was substantially justified, the Commissioner must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory . . . propounded; and (3) a reasonable connection between

2

the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).

3. As to the Commissioner's prelitigation position, the Court agrees with the Report that the Commissioner's inaction in not properly appointing an administrative law judge ("ALJ") to decide Plaintiff's disability application was substantially justified. (*See* D.I. 36 at 7-13) The Court also agrees that the Commissioner's inaction raises only an issue of law. (*See id.* at 9) Although there is no "comprehensive formula" for determining whether the government's position had a reasonable basis in law, if "the case turns on an unsettled or close question of law, the government usually will be able to establish that its legal theory was reasonable, even if it was not ultimately accepted as a legal rule by the courts." *Washington v. Heckler*, 756 F.2d 959, 961-62 (3d Cir. 1985) (internal citations and quotation marks omitted). By contrast, the government's legal position will not be substantially justified if it "clearly offends established precedent." *Id.* at 962.

Plaintiff argues that, at the time the SSA Appeals Council denied her request for review of the ALJ's decision, it should have been clear to the Commissioner that the ALJ who had decided her case was not properly appointed. (D.I. 37 at 1) In support, Plaintiff notes (among other things) that by then, *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), had been decided, and the Solicitor General had concluded that *Lucia*'s reasoning applied broadly such that all ALJs should be appointed as inferior officers under the Appointments Clause. (*See* D.I. 37 at 1-3) It is undisputed, however, that Plaintiff did not assert an Appointments Clause challenge at any time during administrative proceedings (*see* D.I. 36 at 13-14), and the Court has found no settled law imposing a *sua sponte* obligation on the Commissioner to raise this issue on Plaintiff's behalf. *See, e.g., Rich v. Comm'r of Soc. Sec. Admin.*, 477 F. Supp. 3d 388, 394 (E.D. Pa. 2020) ("We

see no support imposing a *sua sponte* obligation on the Commissioner to raise Appointments Clause challenges."); *Lenz v. Saul*, 2021 WL 2515167, at *3 (W.D. Pa. June 18, 2021) (same). Accordingly, the Court agrees with the Report that the Commissioner acted reasonably by not raising the issue during administrative proceedings.

In further support of this conclusion, many other courts have found the Commissioner's prelitigation position substantially justified under the same or similar circumstances, even where – as here – the claim remained pending before the SSA after the issuance of *Lucia*. *See, e.g.*, *Jones v. Comm'r of Soc. Sec.*, 2021 WL 5600621, at *2 (W.D.N.C. Nov. 30, 2021) (citing cases); D.I. 43 (citing eight federal Courts of Appeals decisions finding Commissioner's position substantially justified under similar circumstances).

While the burden is on the Commissioner to defend her prelitigation position, she need only set forth a "reasonable basis" for her position in doing so. *See Morgan*, 142 F.3d at 684; *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) ("[W]e will no longer require a 'solid and well-founded' basis, but rather a reasonable basis only."). The Commissioner has met this standard.

4.    As to the Commissioner's position in this litigation, the Court again agrees with the Report. The Commissioner's position that Plaintiff forfeited her Appointments Clause challenge by failing to raise it at the administrative level was substantially justified. (*See* D.I. 36 at 13-16) Although the Third Circuit and the U.S. Supreme Court have subsequently disagreed with this position, finding exhaustion of Appointments Clause claims is not required in the SSA context, *see Carr v. Saul*, 141 S. Ct. 1352 (2021); *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), at the time the Commissioner asserted her position there was no clearly established law governing the issue.

Indeed, at the time the Commissioner raised the forfeiture defense, "34 out of the 35 district courts that had decided the issue had rejected attacks on the validity of an SSA ALJ's appointment" if the claimant had failed to raise the challenge during administrative proceedings. (D.I. 34 at 6; *see also Diaz v. Saul*, 2020 WL 3127941, at *2 (E.D. Pa. June 12, 2020) (citing district court cases agreeing with Commissioner's position))

Plaintiff argues the Report "ignores" district court decisions in which EAJA claimants prevailed on Appointments Clause challenges. (D.I. 37 at 4) For example, in *Byrd v. Saul*, 469 F. Supp. 3d 351 (E.D. Pa. 2020), the court awarded EAJA fees after concluding the Commissioner's position contradicted clearly established law as set out in *Sims v. Apfel*, 530 U.S. 103 (2000). Other cases from the same district, however, disagreed with *Byrd*'s characterization of *Sims* as clearly applicable in this context. *See, e.g., Cortese v. Comm'r of Soc. Sec.*, 2020 WL 3498104, at *4 n.43 (E.D. Pa. June 29, 2020) ("The issues presented in the precedential *Cirko* opinion earlier this year did not appear to be so easily governed by *Sims*."); *Diaz*, 2020 WL 3127941, at *3 (noting *Sims* does not examine "the narrow issue of whether a claimant must exhaust issues before an ALJ in the [SSA context]"); *see also Cirko*, 948 F.3d at 155 ("[W]hile *Sims* does not dictate the answer, its lessons loom large."). The existence of a few cases reaching a different conclusion only highlights that reasonable minds differed as to the effect of relevant precedents at the time.

The Court concludes that this case turned on an unsettled question of law, and the Commissioner's position did not offend established precedent; thus, the Commissioner's legal theory had a reasonable basis in law. *See Heckler*, 756 F.2d at 961; *see also Hoover v. Saul*, 485 F. Supp. 3d 538, 542-43 (M.D. Pa. 2020) (describing question of substantial justification in this context as "close, and difficult, question" and "keenly disputed arena"). There was also a

reasonable connection between Plaintiff's failure to raise the Appointments Clause claim at the administrative level and Defendant's forfeiture defense. Accordingly, the Commissioner's position was substantially justified.[3]

5. Dove-Ridgeway objects to the Report's failure to address her argument that the Commissioner's position was not substantially justified because the ALJ's decision contained substantive errors. (*See* D.I. 37 at 5-6) Plaintiff, however, does not mention this argument in her opening brief in support of her motion for EAJA fees. (*See* D.I. 36 at 9; *see generally* D.I. 32) As the Report correctly notes:

> Although the government bears the burden of showing its position was substantially justified, it[] is the ***plaintiff's*** motion for fees being decided. The [C]ourt does not find mere reference to "Plaintiff's opening [summary judgment] brief" sufficient to transform her opening EAJA brief [into] a full and fair recitation of her position, particularly where the substantial justification of the government's prelitigation position was not a summary judgment issue.

(D.I. 36 at 9 n.39; *see also id.* at 7 n.30 (noting deficiencies in Plaintiff's approach of simply directing Court to read prior briefs, "without citation to specific pages of import"))

---

[3] Plaintiff cites *Morgan v. Perry*, 142 F.3d at 690, for the notion that "in the usual case, a constitutional violation will preclude a finding that the government's conduct was substantially justified." (D.I. 37 at 5) In *Morgan*, the Third Circuit – despite referring to this general principle, and despite the fact that the plaintiff in that case had prevailed at trial on one of his constitutional claims – nonetheless affirmed the district court's finding that the government's position was substantially justified. *See* 142 F.3d at 681-82, 688-89. In so doing, the Third Circuit emphasized that "[t]he inquiry into reasonableness for EAJA purposes may not be collapsed into [the] antecedent evaluation of the merits." *Id.* at 685. The Third Circuit also stated that "[t]he EAJA is not a 'loser pays' statute." The Court views *Morgan* as entirely consistent with its decision here, especially as the instant case turns on an unsettled question of law.

6

6. The favorable decision on Plaintiff's disability claim (*see* D.I. 40) does not alter the Court's conclusion (nor does Plaintiff cite any authority for the notion that it should).

December 6, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE